UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI ZAVALETA-VERGERA (A#221-437-630)<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-05824-DC-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed the pending habeas corpus petition pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, which allows a district court to dismiss a petition before the respondent is ordered to file a response if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] Petitioner has another § 2241 action pending in this district, Zavaleta-Vergera v. Warden, California City Detention Facility, No. 1:26-cv-4577-DC-SCR (E.D. Cal.). Accordingly, the

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows courts to apply any of the rules to other types of habeas corpus petitions including § 2241 petitions.

undersigned recommends this case be dismissed as duplicative of the earlier-filed action.[2]

"It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (citing Adams v. California Dep't of Health Servs., 487 F.3d 684, 688-89 (9th Cir. 2007), overruled in part on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 487 F.3d at 688. "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Id. (citation omitted).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 487 F.3d at 689 (citations omitted). Regarding the causes of action and relief sought, both petitions challenge Petitioner's immigration detention and request his release or, in the alternative, a bond hearing before a neutral decision-maker. Thus, the first requirement is met.

The second requirement asks whether the respondents are the "same or in privity." Adams, 487 F.3d at 691. Privity includes a broad array of relationships that fit under the title of "virtual representation," meaning that they involve "an identity of interests and adequate representation." Id. (citing Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005), abrogated on other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008)). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." Id. Here, both petitions name the same warden of the California City Detention Facility as respondent. Thus, the respondents are the same in both actions.

Finally, generally "where a new *pro se* petition is filed before the adjudication of a prior

---

[2] In the earlier case, the undersigned filed Findings and Recommendations on July 23, 2026 that recommend the petition be denied. Case No. 1:26-cv-4577 DC SCR, ECF No. 13. Those Findings and Recommendations remain pending.

petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." Woods v. Carey, 525 F.3d 886, 888–90 (9th Cir. 2008). However, construing the later-filed petition as a motion to amend would serve no purpose because there are no new claims for relief. Accordingly, the instant petition for writ of habeas corpus should be dismissed as duplicative of the petition filed in Zavaleta-Vergera v. Warden, California City Detention Facility, No. 1:26-cv-0457-DC-SCR (E.D. Cal.).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to proceed in forma pauperis (ECF No. 3) be granted.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed without prejudice as duplicative of Zavaleta-Vergera v. Warden, California City Detention Facility, No. 1:26-cv-0457-DC-SCR (E.D. Cal.).

2. All pending motions be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 27, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE